Philip M. Kleinfeld, J.
In this action for a declaratory judgment, arising out of an insurer’s disclaimer, the principal issue is whether the disclaimer was justified by reason of the assured’s failure to co-operate.
The subject accident occurred on December 6, 1964. After receipt of a communication from the attorney for the plaintiff, the injured party, the insurer sent an investigator to the *964 assured who signed a statement, on June 22, 1965, in which he denied that he had ever been served with process. On June 25, 1965, the insurer wrote to the assured, pointing out that, in view of his denial of service, and particularly in view of the fact that the amount sued for exceeded policy limits, it was necessary that the assured instruct the insurer as to whether service should be traversed, or a general appearance interposed with a defense on the merits. There was no answer to the letter. A second letter, to similar effect, and threatening to" disclaim, was sent, by certified mail, on September 2, 1965, again without response. The disclaimer letter was sent September 13, 1965. The assured, who testified, did not deny that he received these communications, and that he failed to respond before the disclaimer. The court, having heard the assured’s testimony, and having had the opportunity to evaluate his capacity to understand, concludes that the assured did not respond to these communications because he failed to grasp their import. The assured’s lack of understanding should have been recognized by the insurer who had no right, under the circumstances, to disclaim in reliance upon the unanswered correspondence and the original personal interview without making another attempt to interview, personally, the assured, his broker, or some other responsible person on the assured’s behalf in order to make certain that the assured understood his situation. It must be noted that the right of an innocent accident victim to insurance protection is paramount to insurer’s right to disclaim for lack of co-operation (Wallace v. Universal Ins. Co., 227 N. Y. S. 2d 999, mod. 18 A D 2d 121, affd. 13 N Y 2d 978). Because the amount demanded, in the injured party’s suit, exceeded policy limits, the insurer could insist nn instructions from the assured before waiving the assured’s claim of nonservice; but when such instructions were not forthcoming, the insurer should have interposed an answer pleading, inter alia, the claim of nonservice (cf. CPLB, 320). It has been held that an insured’s failure to sign a waiver of personal service is not a lack of co-operation (Messina v. Atlantic Mut. Ins. Co., 26 Misc2d 1059). The hasty disclaimer, without any sincere attempt to defend against the injured party’s suit, was a violation of the insurer’s duty under the policy. (Cf. Lauritano v. American Fid. Fire Ins. Co., 3 A D .2d 564, affd. 4 N Y 2d 1028.) It cannot be said, in the circumstances, that the assured’s failure to answer the insurer’s correspondence was indicative of an attitude of willful and avowed obstruction. Absent proof of such attitude on the part of an available assured, there *965 may be no finding of a breach of the assured’s duty to co-operate (National Grange Mut. Ins. Co. v. Lococo, 20 A D 2d 785, affd. 16 N Y 2d 585; General Mut. Ins. Co. v. Grempel, 221 N. Y. S. 2d 991, revd. 17 A D 2d 650). Lack of the assured’s good faith must be proved. It may not be inferred (Albert v. Public Serv. Mut. Cas. Ins. Corp., 266 App. Div. 284, affd. 292 N. Y. 633; Rivera v. Merchants Mut. Cas. Co., 27 Misc 2d 139; National Grange Mut. Ins. Co. v. Lococo, 20 A D 2d 785, affd. 16 N Y 2d 585, supra).
For the reasons above set forth, the court concludes that the disclaimer was invalid. Settle judgment, accordingly, on notice, and without costs, declaring the rights of the parties ensuing from invalidity of the disclaimer.