■ MURRAY GUTNICK, Respondent-Appellant, v. LONG ISLAND INSURANCE COMPANY et al., Appellants-Respondents, and MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION et al., Respondents.— Appeal dismissed, without costs, insofar as it is by defendant Consolidated Mutual Insurance Company from a judgment of the Supreme Court, Kings County, dated October 30, 1967. Said defendant is not an aggrieved party, since the judgment contains no provisions against it. On appeal by defendant Long Island Insurance Company and cross appeal by plaintiff, said judgment is affirmed, with one bill of costs jointly to plaintiff and defendant Motor Vehicle Accident Indemnification Corporation against Long Island Insurance Company. No opinion. Christ, Acting P. J., Brennan, Rabin, Hopkins and Munder, JJ., concur. [54 Misc 2d 963.]

■ In the Matter of LEONARD BARON, Appellant, v. ROBERT MACKRETH et al., as Trustees of the Board of Education of Union Free School District No. 18 (Plainedge), Town of Oyster Bay, et al., Respondents.— In a proceeding under CPLR article 78 to compel respondents to reinstate petitioner to his position of teacher of driver education in the respondent school district, petitioner appeals from a judgment of the Supreme Court, Nassau County, entered September 8, 1967, which dismissed his petition. Judgment reversed, on the law and the facts, without costs, and petition granted. Findings of fact inconsistent herewith are reversed and new findings are made as indicated herein. In our opinion, the record does not specifically indicate when, if ever, respondents refused to comply with petitioner's request for reinstatement and, therefore, the proceeding is not untimely (CPLR 217; Matter of O'Buck v. City of Yonkers, 2 A D 2d 775). We are of the further opinion that the case at bar is governed by the Education Law, which provides that the incumbent of an abolished position is entitled to appointment to a new or restored office without reduction in salary where "the performance of duties [is] similar to those performed in the office or position abolished" (Education Law, § 2585, subd. 2; § 2510, subd. 1; 52 N. Y. Jur., Schools, Colleges & Universities, § 359). Furthermore, the statute also provides that the incumbent of an abolished office shall be placed on a preferred list of candidates for appointment to a position "similar" to the one which he had previously filled (Education Law, § 2585, subd. 5; § 2510, subd. 3). Respondents herein formally placed petitioner on such a list when they notified him of the termination of his services. Thereafter, the deleted course previously taught by petitioner was restored to the curriculum on an accredited basis and "part-time" teachers were hired to instruct the students. Under these circumstances, where the performance of duties is unquestionably "similar" to those of the abolished position, petitioner is entitled to reinstatement (cf. Matter of Cusack v. Board of Educ., 174 N. Y. 136). Christ, Acting P. J., Brennan, Rabin, Hopkins and Munder, JJ., concur.