In the Matter of YVETTE B. ABRAMS, Respondent, v. GORDON M. AMBACH, as Acting Commissioner of Education of the State of New York, Appellant. BOARD OF EDUCATION OF UNION FREE SCHOOL DISTRICT No. 11, CARLE PLACE, TOWN OF NORTH HEMPSTEAD, Respondent.— Appeal, by permission, from a judgment of the Supreme Court at Special Term, entered February 28, 1973 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of the Acting Commissioner of Education, Gordon M. Ambach. Petitioner, a duly qualified and certified school psychologist, was first employed by the respondent Board of Education on a part-time basis in 1959. In 1961 she became a full-time school psychologist, for which position she was granted tenure by the board in 1963. She remained in this post until September 1, 1970 when the position was abolished. The board retained her services for one more year, however, as a part-time psychologist on a three-fifths week basis. At the end of that year, her part-time position was likewise terminated, and she thereupon appealed to Commissioner Ambach alleging, *inter alia*, that the board's action toward her was undertaken in bad faith and solely for the purpose of driving her out of the school district. The Commissioner rejected these contentions and dismissed her appeal. Sometime later, claiming that the school district had violated her tenure reinstatement rights, as provided for by section 2510 of the Education Law, by employing another psychologist on a part-time per diem basis, petitioner instituted a second appeal. This was also dismissed by the Commissioner, who determined that the duties of a part-time school psychologist were not and could not be similar to those of petitioner's former full-time position within the meaning of subdivision 3 of section 2510 of the Education Law and that petitioner's rights were limited to a vacancy in a full-time position of similar nature. In the Commissioner's own words from his decision, number 8526, dated September 7, 1972, he states: "Petitioner has not sustained the burden of proving that a full-time position has been created and, therefore, the appeal must be dismissed." Petitioner then proceeded to bring consolidated article 78 proceedings to review these determinations, and Special Term, while affirming the Commissioner's decision as to the first appeal, concluded that it was erroneous, as a matter of law, to hold that the duties of the part-time position were not and could not be similar to the duties of the abolished full-time position. Accordingly, as this rationale was the sole basis for the dismissal of the second appeal and,

as a result, the Commissioner never reached the factual issue of similarity of duties, the court annulled this determination and remitted the matter to the Commissioner "for a determination which does not rest upon [the aforesaid] legally erroneous base." Respondents here challenge Special Term's resolution of the second appeal, and we agree with Special Term. As the relevant case law makes abundantly clear, petitioner has no "burden of proving that a full-time position has been created." Thus, one in a tenured position should prevail in that position, even though it is converted to part-time (*Matter of Siniapkin* v. *Nyquist,* 68 Misc 2d 214), and a tenured full-time employee, whose position has been abolished, is entitled to reinstatement in a part-time position where the performance of duties is unquestionably similar (*Matter of Baron* v. *Mackreth,* 30 A D 2d 810, affd. 26 N Y 2d 1039). We would further note, however, that while petitioner urges this court to order her immediate reinstatement in the interest of justice and judicial economy, we do not feel that the duties of the converted part-time position are so "unquestionably similar" to the duties of her abolished, full-time position as to justify such a result. Unlike the situation in *Matter of Baron* v. *Mackreth* (*supra*), where the position of teacher of driver education was involved, we are concerned with the more complex and technical position of school psychologist which is not so conducive to summary determination by this court. The matter should be remitted to the Commissioner for appropriate factual findings as to the similarity of the two positions. Judgment affirmed, without costs. Herlihy, P. J., Greenblott, Cooke and Main, JJ., concur; Kane, J., dissents and votes to reverse in the following memorandum. Kane, J. (dissenting): This case is not controlled by *Matter of Baron* v. *Mackreth* (30 A D 2d 810, affd. 26 N Y 2d 1039). In *Baron* a full-time position was abolished and, subsequently, not one, but several part-time teachers were hired to perform the same duties. In the instant case, a full-time position was abolished for reasons of economy and change in emphasis of a drug program, resulting in a part-time position serving the new requirements with compensation being on a per diem basis. The *Baron* case violated tenure rights; this case does not. Nor is there anything to indicate that the respondent board acted in bad faith. (To the contrary the argument in another appeal by petitioner that the board's action was taken "solely for the purpose of driving her out of the school district" was firmly rejected.) Despite the holding in *Matter of Siniapkin* v. *Nyquist* (68 Misc 2d 214), tenure as a full-time teacher does not, as a matter of right automatically entitle one to the new position when it is placed on a part-time basis no more than part-time employees are entitled to appointment when their positions are converted to full-time. The judgment should be reversed and the petition dismissed.