In the Matter of KATHLEEN GLOWACKI, Appellant, v GORDON
M. AMBACH, as Acting Commissioner of Education of the
State of New York, et al., Respondents.

Third Department, July 15, 1976

*Rowley & Forrest, P.C. (Richard R. Rowley* and *Jeffrey G.
Plant* of counsel), for appellant.

*Robert D. Stone (Judith M. Hecker* and *Louis H.J. Welch* of
counsel), for Gordon M. Ambach, respondent.

*Daiker, D'Elia, Turtletaub & Cantino (Bertram B. Daiker*
and *Ronald J. Cantino* of counsel), for Board of Education,
Roslyn Union Free School District, and another, respondents.

GREENBLOTT, J. Petitioner was employed in the Roslyn
School District commencing September 1, 1968, and was
granted tenure as a high school Latin teacher on February 1,
1972. With the exception of the spring semester in 1971, when

petitioner filled a temporary vacancy as a guidance counselor, petitioner served continuously as a high school Latin teacher.

Prior to the commencement of the 1973-74 school year, the Roslyn School Board abolished the full-time position of Latin teacher and substituted therefor a part-time position of Latin teacher. Petitioner was offered, and accepted this part-time position.

Subsequently, petitioner applied for the positions of Director of Guidance and Career Counselor within the district. The school board, however, filled these positions with individuals outside the district. At the time that these positions were filled on May 9, 1973, the petitioner was not a certified Guidance Counselor (the effective date of her provisional certification in guidance was Sept. 1, 1973).

Pursuant to section 310 of the Education Law, petitioner appealed to the Commissioner of Education, contending that her tenure area was that of general secondary, and that she was entitled to a preference to all job vacancies within this area, including those in the guidance department. The acting commissioner determined that tenure in the general secondary area did not include guidance, the latter being a recognized special tenure area, wherefore petitioner was not entitled to a preference for appointment to a position of guidance counselor.

Petitioner, thereafter, commenced this article 78 proceeding seeking to annul the determination of the acting commissioner. Special Term confirmed the determination; this appeal ensued.

The Court of Appeals in the recent case of *Matter of Baer v Nyquist* (34 NY2d 291) elaborated on the concept of tenure. The court was confronted with the issue of "whether local school districts may limit, in their discretion, the teaching areas in which they grant tenure, without defined standards, subject only to the *ad hoc* approval of the commissioner" (at p 294). The court noted that the concept of tenure may encompass "vertical" subject matter classifications, as well as "horizontal" grade level classifications; however, any broadening of these tenure classifications may only be accomplished by prospective rule-making by the Board of Regents, and not by local school districts, subject only to *ad hoc* retrospective approval by the Commissioner of Education. The court stated:

"While tenure limited to curricular classifications might [be] permitted under the tenure statutes, they may not be imposed

by local school boards subject only to the retrospective approval by the Commissioner of Education. Until recently only grade-level tenure areas, and special subject tenure areas, such as music and physical education, have been used and received judicial recognition. Radical restructuring of tenure areas, compatible with the purpose of the tenure statutes, should not be free of controlling regulations or express standards propounded by the Board of Regents or enacted by the Legislature. Most important, they should be prospective in effect" (at p 294).

Whether the respondent school board had validly established "guidance" as a separate tenure area, is the controlling question. Petitioner contends that guidance and Latin are within the same tenure area in that they are on the same grade level, and guidance has not been established as a separate special area in previous decisions (see *Matter of Van Heusen v Board of Educ.*, 26 AD2d 721). It is the petitioner's contention that the special subjects specified in *Van Heusen* and related decisions, such as physical education, music, art and vocational subjects, are exclusive and cannot be expanded by local school districts (see *Matter of Baer v Nyquist, supra).*

We agree with the commissioner that the recognition of guidance as a separate tenure area does not violate the principles of *Baer.* Past decisions have held that tenure is to be applied to certain grade levels, and certain special subjects, but not to individual *academic* subjects. Guidance is not a course subject, it is a unique discipline. Prior case law would not inhibit the establishment of a special tenure area for guidance. Nor is there involved here a radical restructuring of tenure areas as condemned in *Baer;* guidance has previously been recognized by the Commissioner of Education as a separate tenure area (see e.g., *Matter of Angel,* 3 Ed Dept Rep 238).

The petitioner's argument that the list of courses specified in *Van Heusen* is exclusive as being the only subjects for which special tenure areas may be created is rejected. It is our opinion that this list is merely illustrative of unique tenure areas. The fact that guidance is not specified does not mean that it cannot be and has not been recognized as a special tenure area. Indeed, the respondents' recognition in this very case of guidance as a separate tenure area has been noted with approval by the Court of Appeals *(Steele v Board of Educ.,* 40 NY2d 456).

We, therefore, agree with Special Term that the decision of respondents must be confirmed.

The judgment should be affirmed, without costs.

KOREMAN, P.J., MAIN, HERLIHY and REYNOLDS, JJ., concur.

Judgment affirmed, without costs.