In the Matter of BETH CHAUVEL, Appellant, v EWALD B. NYQUIST, as Commissioner of Education of the State of New York, et al., Respondents.

Third Department, December 16, 1976

*Bernard F. Ashe (Richard C. Heffern* of counsel), for appellant.

*Robert D. Stone (Louis H. J. Welch* and *Judith M. Hecker* of counsel), for Ewald B. Nyquist, respondent.

*Mary Louise Mills* for Board of Education of the Salmon River Central School District, respondent.

KOREMAN, P. J. In June, 1972 the respondent board abol-

ished the junior high school French program and terminated the employment of petitioner who was a certified and tenured teacher of French. Petitioner was informed that she would be placed on a preferred eligibility list and would be entitled to reinstatement if the program was re-established within the next four years.

On May 15, 1974, petitioner requested that she be appointed to any teaching vacancy in her tenure area, but, although three new teachers with less seniority than petitioner were hired for the school year beginning September, 1974, petitioner was denied reinstatement. The new teachers were hired for positions in the secondary tenure area to teach English and Science in which they were certified, and which petitioner was not certified to teach.

The respondent Commissioner of Education determined that petitioner, pursuant to subdivision 3 of section 2510 of the Education Law, was entitled to reinstatement only to a position similar to that held by her at the time her services were terminated by abolishment of the position, and that she was not entitled to *any* position within petitioner's tenure area. Furthermore, the commissioner held that pursuant to sections 3001, 3009, and 3010 of the Education Law, petitioner was not entitled to assignment or appointment to a position for which she was not certified. Special Term affirmed the decision of the commissioner and this appeal ensued.

The sole issue is whether petitioner was entitled to reinstatement when positions became available in the secondary tenure area in respondent school district, under the circumstances existing here. Initially, we are in agreement with petitioner's contention that she was accorded "area" tenure rather than tenure in a specific matter such as "foreign language" *(Matter of Becker v Board of Educ. of Middleburgh Cent. School Dist. No. 1,* 9 NY2d 111). We have previously stated that, apart from certain specified subjects such as physical education, music, art, and vocational subjects, tenure is not available according to course subjects, but is only descriptive of grade level *(Matter of Van Heusen v Board of Educ. of City School Dist. of City of Schenectady,* 26 AD2d 721). We agree, however, that petitioner's application was properly dismissed by Special Term. Section 2510 of the Education Law, as pertinent here, provides as follows: "If an office or position is abolished or if it is consolidated with another position without creating a new position, the person

filling such position at the time of its abolishment or consolidation shall be placed upon a preferred eligible list of candidates for appointment to a vacancy that then exists or that may thereafter occur in an office or position similar to the one which such person filled without reduction in salary or increment, provided the record of such person has been one of faithful, competent service in the office or position he has filled. The persons on such preferred list shall be reinstated or appointed to such vacancies in such *corresponding or similar positions* in the order of their length of service in the system at any time within four years from the date of abolition or consolidation of such office or position." (Emphasis supplied.)

The words "corresponding or similar positions" have been consistently construed by the Commissioner of Education, as well as by the courts, to mean that the duties required to be performed in the vacant position are similar to the duties performed by the person in his previous position before it was abolished. *(Matter of Abrams v Ambach,* 43 AD2d 883; see, also, *Matter of Baron v Mackreth,* 30 AD2d 810, affd 26 NY2d 1039; *Matter of Ward,* 13 Ed Dept Rep 273; *Matter of Englert,* 12 Ed Dept Rep 234.) "It is well settled that the construction given statutes and regulations by the agency responsible for their administration, if not irrational or unreasonable, should be upheld" *(Matter of Howard v Wyman,* 28 NY2d 434, 438; see, also, *Matter of Lezette v Board of Educ., Hudson City School Dist.,* 35 NY2d 272, 281). It is clear, in the instant case, that the duties of the English and Science teaching positions are not so "unquestionably similar" to the duties of the abolished position as to justify reinstatement *(Matter of Abrams v Ambach, supra,* p 884). Rather, the duties entailed are quite distinct, if not completely foreign, from the duties of a French teacher, as petitioner was formerly employed. Moreover, in determining petitioner's right to reinstatement, respondent board may not be permitted to employ, nor to pay any salary to a person in a position for which he or she is not certified (Education Law, §§ 3001, 3009, 3010).

Petitioner's reliance on the decision of this court in *Matter of Lynch v Nyquist* (41 AD2d 363, affd 34 NY2d 588) is misplaced. We there held that subdivision 2 of section 2510 of the Education Law mandated the *termination* of services according to seniority, and that certification requirements may not be employed to erode the protection afforded tenured teachers for whom the statutes provide the exclusive method

of *dismissal. Reinstatement* from a preferred list, however, is governed by subdivision 3 of section 2510, which imposes the additional condition that the right of reinstatement is limited to a position which is "corresponding or similar" to the one previously held by the individual. Nor are we persuaded by the decision in *Matter of Amos v Union Free School Dist. No. 9* (47 AD2d 711), also relied on by petitioner, wherein the central issue before the court was the propriety of the termination of the petitioner's services. The court in that case noted, however, in apparent dictum, that the school district's failure to rehire the petitioner ahead of less senior teachers within the "secondary school academic" tenure area violated her rights under subdivision 3 of section 2510. Our reading of subdivision 3 more narrowly prescribes the right of petitioner herein to reinstatement.

Respondents correctly assert that since petitioner did not raise the issue of denial of due process either before the commissioner or at Special Term, it may not be raised here. In any event, we find no merit to petitioner's claim that she was denied due process. In view of the conclusion reached, respondents' argument as to nonjoinder of necessary parties is rendered moot.

The judgment should be affirmed, without costs.

SWEENEY, KANE, MAHONEY and LARKIN, JJ., concur.

Judgment affirmed, without costs.