■ In the Matter of MIRIAM WARD, Appellant, v EWALD B. NYQUIST, as Commissioner of Education of the State of New York, et al., Respondents.— Appeal from a judgment of the Supreme Court at Special Term, entered April 3, 1973 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of the Commissioner of Education. The essential facts are not in dispute. On June 17, 1969 petitioner was granted tenure to the position of Latin teacher in Harrison High School. By letter dated May 27, 1971 petitioner was advised that one Latin teaching position would be abolished and her services in that capacity for 1971–1972 would not be required since she had less seniority than the other Latin teacher. Thereafter petitioner applied for appointment to one of several vacant English positions on the secondary grade level. By letter dated July 2, 1971 her application was denied on the ground that her qualifications for an English position were inadequate. Subsequent thereto the board hired several English teachers. The commissioner sustained the board's determination stating that petitioner's tenure area was secondary but that did not entitle her to a position for which she was not legally qualified by having obtained certification. This article 78 proceeding was commenced to review the commissioner's determination. The dispositive issue raised on this appeal is whether petitioner, under the instant circumstances, was entitled to reinstatement in the secondary tenure area in a position for which she was not certified. We believe not *(Matter of Chauvel v Nyquist,* 55 AD2d 76). Judgment affirmed, without costs. Koreman, P. J., Sweeney, Kane and Main, JJ., concur; Greenblott, J., dissents and votes to reverse in the following memorandum. Greenblott, J. (dissenting). I respectfully dissent. The majority cites *Matter of Chauvel v Nyquist* (55 AD2d 76) as binding. In my view *Chauvel* is in direct conflict with *Matter of Lynch v Nyquist* (41 AD2d 363), and the latter, having been affirmed by the Court of Appeals (34 NY2d 588), must control. It was clearly stated in *Lynch* (p 365) that "Certification requirements * * * may not be employed to erode the protections afforded tenured teachers, since the tenure statutes provide the exclusive method for dismissal for those teachers". The applicability of this rule is obvious in light of the numerous holdings that, with the exception of certain specialized areas such as driver education or guidance which are not here applicable, tenure is not limited to particular academic subjects (see, e.g., *Matter of Baer v Nyquist,* 34 NY2d 291; *Matter of Becker v Board of Educ.,* 9 NY2d 111; *Matter of Glowacki v Ambach,* 53 AD2d 260). Thus, any seeming conflict between a teacher's tenure rights and lawful certification requirements was resolved in favor of the teacher. In so doing, neither this court nor the Court of Appeals ruled that tenure was a substitute for proper qualifications. We specifically pointed out in *Lynch* that a school board retained the right to discontinue a tenured teacher if it could show incompetence due to lack of certification, so long as appropriate statutory procedures including the granting of a hearing are available. (See *Matter of Amos v Union Bd. of Educ., Free School Dist. No. 9,* 54 AD2d 297). I see no reason for not applying the rule of *Lynch* in the present case, since it is not disputed that petitioner's tenure area includes the subject of English. If her lack of certification in and of itself establishes that she is incompetent to teach that subject, her removal can be effected in accordance with statutory

procedure (Education Law, §§ 3012, 3020-a). The court in *Chauvel v Nyquist (supra),* and the majority in this case, avoid the rule of *Lynch* solely on the ground that *Lynch* involved a dismissal (where teachers with less seniority were retained) while *Chauvel* and this case involve a denial of reinstatement (where vacancies were filled by teachers with less seniority). In my view, this factual difference does not provide any logical basis for the application of different legal principles. If anything, such a distinction permits circumvention of the rights held to be protected in *Lynch* by manipulating the timing of the abolition of positions and the hiring of new teachers for other subjects in which there are vacancies. Such a result should not be permitted. I, therefore, vote to reverse.