OPINION OF THE COURT
Jones, J.
This is another of the several cases which collectively describe the maze which must be followed by teachers and boards of education alike through the interrelated provisions of the Education Law when the board in a bona fide retrenchment program finds it necessary to reduce teaching faculty.
In June, 1972 the Salmon River Board of Education abolished the junior high school French program and terminated the employment of appellant, Beth Chauvel, who had been a certified and tenured teacher of French in the program. She was informed that she would be placed on a preferred eligibility list and would be entitled to reinstatement if the program were re-established within the next four years. It appears that appellant did not at that time assert rights she may have had under subdivision 2 of section 2510 of the Education Law in consequence of the abolition of her position.
In May of 1974 appellant sought appointment to any teaching vacancy in the secondary tenure area pursuant to the provisions of subdivision 3 of section 2510.* Thereafter the *52 board hired three new teachers with less seniority than appellant for the school year beginning September, 1974, but denied appellant reinstatement. The new teachers were employed in positions in the secondary tenure area to teach English and science, in which they were certified but appellant was not.
Appellant thereupon appealed to the Commissioner of Education under section 310. of the Education Law. The commissioner, aware of the interpretation which had been placed by the courts on subdivision 2 of section 2510, nonetheless, at least in part because of the difference in diction, held that the right of reinstatement under subdivision 3 "is limited to a position which is 'corresponding or similar’ to the one previously held by the individual. As a result, boards of education are required to reinstate individuals only to positions for which they are qualified (certified)”, not to positions in the individual’s tenure area generally. Accordingly the commissioner upheld the Salmon River Board of Education and dismissed the appeal.
Appellant thereupon instituted the present article 78 proceeding to review the commissioner’s determination. Supreme Court upheld the commissioner, the Appellate Division unanimously affirmed, and we now state our agreement with the dispositions below.
At the outset we observe that since 1976 the standard for review of determinations of the Commissioner of Education is the customary test in article 78 proceedings (§ 310, as amd by L 1976, ch 857). Accordingly the inquiry on this appeal is whether the commissioner’s determination supporting the board of education and dismissing appellant’s appeal was arbitrary and capricious, i.e., whether there was no rational basis for his decision (CPLR 7803, subd 3).
While arguments may be made that subdivisions 2 and 3 of section 2510 should be given parallel interpretation and application, there are differences, as the commissioner noted, in terminology—thus subdivision 2: "seniority in the system within the tenure of the position abolished”, and subdivision *53 3: "office or position similar to the one which such person filled”. As noted at the Appellate Division the words "corresponding or similar positions” have consistently been interpreted by the commissioner and the courts to restrict the right of reinstatement to new positions the duties of which are similar to those performed by the individual in his previous position. There can be said to be differences, too, between the role of recall rights under subdivision 3 and that of rights on position abolition under subdivision 2.
We recognize that what appears to be an incongruity in interpretation and application between subdivisions 2 and 3 may work some unevenness in individual cases. A premium may be placed on the promptness of the teacher to assert her rights on abolition of her position, and, as to staff reductions which have already occurred, advantage may attach to alertness in having anticipated the course of determinations of the commissioner and decisions of the courts. Time and experience may be expected to produce uniformity in practice. Perhaps even more to the point, the result in this case underscores the invitation stated elsewhere to legislative review of the applicable sections of the Education Law (Matter of Amos v Board of Educ., 43 NY2d 706, decided herewith).
Accordingly, for the reasons stated the order of the Appellate Division should be affirmed, with costs.

 Subdivisions 2 and 3 of section 2510 provide as follows:
"2. Whenever a hoard of education abolishes a position under this chapter, the services of the teacher having the least seniority in the system within the tenure of the position abolished shall be discontinued.
"3. If an office or position is abolished or if it is consolidated with another position without creating a new position, the person filling such position at the time of its abolishment or consolidation shall be placed upon a preferred eligible list of candidates for appointment to a vacancy that then exists or that may thereafter occur in *52 an office or position similar to the one which such person filled without reduction in salary or increment, provided the record of such person has been one of faithful, competent service in the office or position he has filled. The persons on such preferred list shall be reinstated or appointed to such vacancies in such corresponding or similar positions in the order of their length of service in the system at any time within four years from the date of abolition or consolidation of such office or position.”