■ In the Matter of MAUREEN DINAN, Appellant, v BOARD OF EDUCATION, FARMINGDALE PUBLIC SCHOOLS, FARMINGDALE UNION FREE SCHOOL DISTRICT, et al., Respondents.—In a proceeding pursuant to CPLR article 78 to compel the respondent school district to reinstate petitioner to a position as a teacher, with back pay, petitioner appeals from a judgment of the Supreme Court, Nassau County, dated September 21, 1978, which dismissed her petition. Judgment affirmed, with one bill of $50 costs and disbursements payable jointly to respondents appearing separately and filing separate briefs. This case requires an interpretation of subdivision 3 of section 2510 of the Education Law, which relates to the reappointment of teachers from a preferred eligible list to a newly vacant position. The standards for such reappointment are not to be confused with the more broadly defined standards set out in subdivision 2 of the said section dealing with dismissal from tenured positions. (See *Matter of Ward v Nyquist,* 43 NY2d 57, 62.) Petitioner, Maureen Dinan, has been a teacher in the respondent school district since 1970. Prior to the circumstances involved in this appeal, she had served for three school years in the elementary school tenure area, and for four years in the junior high school level, three of those in remedial reading and the last in business education. Respondent Joanne Kroon, on the other hand, has only been employed by the district since 1971. In her six

years prior to the institution of this action, she taught social studies in the school district's junior high school for five years, and English for one year on the senior high school level. The position at stake, to which respondent Kroon was appointed, was that of a teacher of social studies in the junior high school level. As may be seen by the above facts, the petitioner had greater system-wide seniority in the district, although she lacked any prior experience in the particular position which had become available. Respondent Kroon, on the other hand, had considerable experience in the teaching of junior high school social studies in the district, albeit she had lower system-wide seniority than did the petitioner. It should be noted that both petitioner and respondent Kroon are certified by the State of New York to teach social studies on the junior high school level. In her petition, petitioner contended that the board's appointment of respondent Kroon instead of her was illegal, arbitrary and capricious in that it violated the provisions of subdivision 3 of section 2510 of the Education Law. Special Term disagreed and dismissed the petition. The statute in question clearly states that eligible candidates shall be reappointed to vancancies "in such corresponding or similar positions in the order of their length of service in the system". Thus, the decision must turn on the interpretation of the phrase "corresponding or similar" as it relates to the rest of the statute. At the outset, it should be noted that in applying section 2510 we must give broad meaning to the term "similar", "so as to prevent erosion of the tenure rights of the incumbents of abolished positions" *(Matter of Bork v City School Dist. of City of North Tonawanda,* 60 AD2d 13, 15-16). By way of definition, the Appellate Division, Third Department, in *Matter of Chauvel v Nyquist* (55 AD2d 76, 78, affd 43 NY2d 48), stated: "The words 'corresponding or similar positions' have been consistently construed by the Commissioner of Education, as well as by the courts, to mean that the duties required to be performed in the vacant position are similar to the duties performed by the person in his previous position before it was abolished." And, in *Matter of Elkins v Board of Educ.* (14 Ed Dept Rep 193, 195), the commissioner noted that although a wooden or mechanical test is not intended: "The test of whether the duties of the two positions are in fact similar is whether more than one-half of the functions to be performed by the incumbent of the new position are those which petitioner performed in his old position". Thus, it has been held that the duties of a French teacher are distinct from those of an English or science teacher. (See *Matter of Chauvel v Nyquist, supra.)* Likewise, in *Matter of Griffen v Board of Educ.* (17 Ed Dept Rep 223), the commissioner determined that the positions of driver education teacher and social studies teacher were not "corresponding or similar". In *Matter of Ives v Board of Educ.* (16 Ed Dept Rep 341, 343), it was held that a position in English was not "similar" to either a social studies or science position. Having defined the phrase "corresponding or similar", it becomes necessary to decide which applicant is entitled, pursuant to subdivision 3 of section 2510, to the vacant position. In *Matter of Barone v Mackreth* (30 AD2d 810) this court stated: "where the performance of duties [in the open position] is unquestionably 'similar' to those of the abolished position, petitioner is entitled to reinstatement". It is beyond peradventure that respondent Kroon's five years of experience in the teaching of social studies on the junior high school level is unquestionably "similar" to the duties required of the ultimate recipient of the vacant position. Moreover, it is clear that petitioner's employment history in the respondent school district is totally devoid of any such "similar" experience. We therefore conclude that the appointment of Ms. Kroon was correct,

notwithstanding petitioner's greater system-wide seniority in the district. In light of this decision, respondent Kroon's argument that she is, in any event, entitled to additional seniority credit based on her service under the appointment in issue, is rendered moot. Gibbons, J. P., Rabin, Gulotta and Cohalan, JJ., concur.