■ In the Matter of JAMES HOGAN et al., On Behalf of Their Son, KEITH HOGAN, Respondents, v BOARD OF EDUCATION OF THE NORTH COLONIE CENTRAL SCHOOL DISTRICT et al., Appellants. — Appeal from an order and judgment of the Supreme Court at Special Term (Prior, Jr., J.), entered December 11, 1980 in Albany County, which granted petitioners' application, in a proceeding pursuant to CPLR article 78, to annul a determination of the respondent Acting Commissioner of Education. The essential facts are not in dispute. On June 12, 1979, Keith Hogan, the son of petitioners and a student at Shaker High School, dropped a lighted match into a garbage can three-fourths full of discarded papers causing the contents to ignite. The fire alarm system was then activated and the school of approximately 2,000 students was completely evacuated. The students were between classes at the time and many were in the corridors including the one in which the fire occurred. No apparent damage to the building resulted, but a teacher sustained burns of the right hand while attempting to control and extinguish the blaze. The teacher received treatment at a local hospital. Petitioners' son, after denying his participation in the act to school authorities on two occasions, admitted starting the fire and signed a statement to that effect. He was initially suspended from school for five days. Classes were not in session at that point and he was allowed to take all of his final examinations. After a disciplinary hearing before the North Colonie Board of Education, the board unanimously voted to suspend Keith from school for a period of one year. Thereafter, petitioners appealed this determination to the Commissioner of Education pursuant to section 310 of the Education Law and sought to rescind the punishment imposed by the board on the ground it was excessive. Upon a review of the record presented, the Acting Commissioner of Education denied the relief requested and dismissed the appeal. Subsequently, the petitioners commenced the instant article 78 proceeding at a Special Term of the Supreme Court alleging that the penalty was excessive and asserting, for the first time, that Keith Hogan was "the object of selective prosecution." Petitioners requested that respondents' determinations be annulled and that Keith Hogan be reinstated as a student at Shaker High School. Special Term, in granting the petition, found that the punishment "was disproportionate to the act or offense and exceeded the bounds of fairness." This appeal by respondents ensued. Special Term erred. The judgment appealed from should be reversed and the petition dismissed. The appropriate inquiry to be made in reviewing a determination of the Commissioner of Education in a case such as this is whether the commissioner's determination to dismiss petitioners' appeal to him was arbitrary or capricious, i.e., whether there was no rational basis for his decision *(Matter of Strongin v Nyquist,* 44 NY2d 943, 945; *Matter of Chauvel v Nyquist,* 43 NY2d 48, 52). And of course, a

court may not disturb the punishment imposed by an administrative agency unless the penalty is "'"so disproportionate to the offense, in the light of all the circumstances, as to be shocking to one's sense of fairness"'" *(Matter of Pell v Board of Educ.,* 34 NY2d 222, 233). In view of all the evidence before the Acting Commissioner of Education and all the circumstances, including the seriousness of the offense, we cannot say that the determination of guilt was irrational or that the penalty imposed was "'so disproportionate * * * as to be shocking to one's sense of fairness'". Order and judgment reversed, on the law and the facts, determination confirmed, and petition dismissed, without costs. Main, J. P., Casey, Mikoll, Yesawich, Jr., and Herlihy, JJ., concur.