OPINION OF THE COURT
Paul J. Baisley, J.
The petitioner initiated this article 78 proceeding seeking an order directing the respondent school district to appoint petitioner to the position of assistant principal nunc pro tunc to July 1, 1980, with all the retroactive rights and emoluments that would flow therefrom, or alternatively, directing the respondent school district to appoint petitioner as a full-time elementary school teacher effective July 1, 1980. The petition was opposed by the respondent school district. This court by order dated, January 16, 1981, Báisley, J., directed that an evidentiary hearing be had. The hearing was held on March 13, 1981. Thereafter counsel were given leave to submit posthearing memoranda.
The petitioner was hired by the respondent school district in 1961 as a probationary elementary school teacher. The petitioner was granted tenure as an elementary school teacher in 1964 and continued as such until 1975, where *333 upon she was appointed as a probationary elementary school principal in the respondent school district. The petitioner was granted tenure in this position on August 22, 1978.
In 1980, the respondent board of education decided to reorganize the school district, and to close three elementary schools. By letter dated May 29, 1980, the petitioner was advised that effective June 30, 1980, the petitioner’s position of elementary school principal was being abolished, and she was being excessed. As a further consequence of the reorganization the respondent school district created the additional position of assistant principal at the elementary grade level. The respondent McTigue who had previously served as an assistant principal at the elementary grade level and was currently a guidance counselor in the district was appointed the new assistant principal effective July 1, Í980.
Also, as a consequence of the reorganization, several teaching positions were abolished. Thereafter, on August 27, 1980, the respondent school district decided to restore several of the elementary level teaching positions, including those formerly held by the respondents, Cronin, Bernardo, and Schaetzle.
The petitioner contends (1) that pursuant to subdivisions 1 and 3 of section 2510 of the Education Law, the petitioner as the senior excessed administrator has a prior right to the newly created position of assistant principal for the elementary school level, currently held by the respondent McTigue, or alternatively, (2) that the petitioner is entitled to appointment to one of the recalled elementary school teacher positions currently held by the respondents Cronin, Bernardo, and Schaetzle.
In its order of January 16,1981, the court specified that at the hearing to be held the parties should provide the court with proof with respect to the following four items, to wit: (1) petitioner’s work assignment prior to 1980; (2) the current work assignment of the respondent McTigue; (3) the organization of the respondent school district before *334 and after the current reorganization plan, and (4) the official job description of each position.*
The petitioner testified that while she was a principal at the elementary school level, no position of assistant principal for the elementary level existed. She testified that every duty and responsibility enumerated in the official job description for the position of assistant principal for the elementary level was in some manner or form previously performed or administered by her. The respondents’ proof was not contradictory. On the contrary, the respondent McTigue’s testimony concedes that the duties he performed were generally related to if not virtually identical to those formerly performed by the petitioner.
The respondent school district, however, contends that the critical distinction between the two positions in question are not the duties actually performed but the differing responsibilities inherent in the two positions. The principal unlike the assistant principal can evaluate and rate teachers, suspend a student, and attend certain monthly administrative meetings.
Subdivision 1 of section 2510 of the Education Law provides as follows: “If the board of education abolishes an office or position and creates another office or position for the performance of duties similar to those performed in the office or position abolished, the person filling such office or position at the time of its abolishment shall be appointed to the office or position thus created without reduction in salary or increment, provided the record of such person has been,, one of faithful, competent service in the office or position he has filled.”
The threshold question is whether the new position created is similar to the position abolished. In the past such considerations were virtually unnecessary because the school districts in the State were expanding. But a declining school population, coupled with escalating cost and austere economic times, have caused, and in all probability will continue to cause, reductions in various school districts. Thus, the law in this area is new and ever-changing. Determination of the issue of similarity of the two positions is further complicated by the fact that in the instant case the positions in question are administrative in nature, *335 and thus, do not readily lend themselves to the same analysis established by the Commissioner of Education and the courts in determining questions of rights under section 2510 of the Education Law with respect to teaching positions.
Teaching positions unlike administrative positions usually require the performance of a single function or at the very least functions which are more readily recognizable or discernible and as a consequence, the Commissioner of Education and the courts have been able to devise some criteria, unique to teachers’ functions, as an aid in applying subdivisions 1 and 3 of section 2510 of the Education Law (i.e., the so-called 50% rule discussed infra; Matter of Baron v Mackreth, 30 AD2d 810; Matter of Ward v Nyquist, 55 AD2d 751; Matter of Abdallah v Board of Educ., 61 AD2d 1096; Matter of Bork v City School Dist. of City of North Tonawanda, 60 AD2d 13). But administrative positions are not conducive to either quantitative analysis (i.e., a comparison of the number of similar duties actually performed in the newly created position as opposed to the excessed position) or qualitative analysis (i.e., a comparison of the amount of time expended or the emphasis made in the performance of enumerated responsibilities). This difficulty confronting an ever-growing number of Trial Judges reinforces the plea by the Court of Appeals for legislative reform in this area (Matter of Chauvel v Nyquist, 43 NY2d 48; Matter of Amos v Board of Educ., 43 NY2d 706).
However, since no other test has been devised to aid the court in its determination the cases cited above and common sense must of necessity guide the court in determining whether the two positions in question are similar or not. Opinions of the Commissioner of Education have led to an oft-cited rule of thumb for determination of similarity under subdivisions 1 and 3 of section 2510 of the Education Law. This rule states: two positions are deemed similar where more than one half of the functions to be performed by the holder of the new position are those which were performed by the holder of the abolished position (Mairs v Board of Educ., 82 Misc 2d 989; Matter of Elkins, 14 Ed Dept Rep 193; Matter of Abrams, 14 Ed Dept Rep 131; *336 Matter of Evans, 10 Ed Dept Rep 156). This quantitative test has been modified to a new “expectable duties” test (i.e., qualitative test) where an administrator “will not be considered transferred outside his tenure area if he is not asked to perform duties which could not have been assigned to him had he remained in the old position” (Matter of Coates v Ambach, 52 AD2d 261, 263-264, affd 42 NY2d 846; emphasis added). Stated more simply one will not be deemed to have a different tenure area by performing duties in addition to his current responsibilities, provided it is expectable such duties would be performed or could be assigned to be performed by one in the old position. However, the Court of Appeals has recently held that the board need not, indeed should not on reinstatement cases, consider tenure areas because there is no duty to reinstate individuals to a position in an individual tenure area, but only to positions to which they are qualified (Matter of Chauvel v Nyquist, 43 NY2d 48, supra).
Chauvel (supra) therefore suggests that Coates (supra) is not applicable to this article 78 proceeding which seeks reinstatement (Education Law, § 2510, subds 1, 3) because consideration of tenure areas need not be had in such instances. Analysis of a party’s rights under subdivisions 1 and 3 of section 2510 of the Education Law is solely confined to the question of similarity. Thus, the earlier test established by the Commissioner of Education in his decisions does afford some guidance. Of course, the application of this so-called 50% rule was never intended to be mechanical and absolute, and great liberality is given to extending the percentage one way or the other (Matter of Bork v City School Dist. of City of North Tonawanda, 60 AD2d 13, supra).
Even so, the burden of proving that the petitioner falls within the protection of the rule is on the petitioner (Matter of Grossman v Rankin, 43 NY2d 493; Haberman v Codd, 48 AD2d 505). The petitioner has clearly met that burden. The petitioner proved without contradiction that she has performed and it was her duty to perform every duty now required to be performed by the assistant principal — elementary level. While the precise degree of similarity cannot be accurately ascertained it is clear that whether *337 one’s base of analysis is quantitative or qualitative the degree of similarity between the two positions is high.
It is true that the position of principal generally entails greater responsibility. However, the court observes that in view of the fact that one of the functions of the assistant principal is “to serve as principal in the absence of the regular principal”, the distinction between the duties and responsibilities actually performed in each position is negligible. To apply the term in the manner suggested by the respondent school district would require the petitioner to prove the excessed position to be virtually identical to the newly created position. But the court is compelled to give the term “similar” as utilized in subdivisions 1 and 3 of section 2510 of the Education Law a relatively broad meaning (Matter of Dinan v Board of Educ., 74 AD2d 922). Applying such a broad standard to the statute the court concludes that the petitioner has proved the two positions to be sufficiently similar to warrant the granting of the relief requested. In so concluding the court need not and does not pass on the merits of petitioner’s request for alternative relief. Accordingly, the petitioner shall have judgment, with costs.

 The petitioner in the presentation of her proof and again on the submission of her posttrial memorandum addressed each and every one of these enumerated items thus facilitating a review of the transcript and proof submitted.