■ In the Matter of SAMANTHA NAGEL, Respondent, v BOARD OF EDUCATION OF THE PLAINVIEW OLD BETHPAGE CENTRAL SCHOOL DISTRICT, Respondent, and GERTRUDE QUINN, Appellant. — In a proceeding pursuant to CPLR article 78, *inter alia,* to compel the respondent Board of Education of the Plainview Old Bethpage Central School District to reinstate petitioner to the position of science teacher, grades 7-12, Gertrude Quinn appeals from a judgment of the Supreme Court, Nassau County (Pantano, J.), dated March 10, 1980, which granted the petition. Judgment affirmed, without costs or disbursements. Petitioner, Samantha Nagel, began her initial probationary appointment as general senior high school science teacher (grades 10-12) on September 1, 1973. Effective June 30, 1975, her position was abolished, she was excessed, and her name was placed on a preferred eligibility list for reappointment. Effective September 1, 1976 Ms. Nagel was recalled and again assigned to a probationary position as a general senior high school science teacher (grades 10-12). A letter from the former superintendent of schools explained that she was "reappointed as a probationary teacher" and her tenure eligibility date was September 1, 1978; no credit was given petitioner for her previous service as a probationary teacher and, in effect, she was "considered a 'new teacher' to the district." On September 1, 1978, petitioner was awarded tenure in the senior high school science area. Appellant, Gertrude Quinn, began her probationary appointment as a teacher in the secondary science area (grades 7-12) effective September 1, 1977, and was thereafter awarded tenure in her area. Effective June 30, 1979, the positions of both petitioner and appellant were abolished, both were excessed, and their names were placed on preferred eligibility lists. Thereafter, the board of education was advised that effective September 1, 1979, a position of junior high school science teacher (grades 7-9) would become vacant. Because petitioner's tenure was in the senior high school area, appellant, with concededly less over-all seniority than petitioner, was appointed to the position. Petitioner commenced the instant proceeding, contending that her area of tenure should have been in the secondary science area and that, in any event, the vacant position was "similar" to her former position and, pursuant to subdivision 3 of section 2510 of the Education Law, she was entitled to reinstatement. Special Term agreed with the latter contention and ordered petitioner's reinstatement. We affirm. Pursuant to the Rules of the Board of Regents, "all probationary appointments to professional education positions made by a board of education or a board of cooperative educational services by resolution on or after August 1, 1975 and to appointments on tenure based upon such probationary appointments", shall be made in the following areas: "In those grades at or above seventh grade level in which instruction in the core academic subjects is departmentalized, the core academic subjects shall be grouped for tenure purposes into the academic tenure areas of English, social studies, mathematics, science and foreign languages" (18 NYCRR 30.2 [a], 30.4). Petitioner had initially been appointed to a probationary period commencing September 1, 1973, but that position was

abolished effective June 30, 1975 by order of the board. Although "reappointed" to a probationary position effective September 1, 1976, the letter of the superintendent makes clear that this was a new appointment and that petitioner was expected to fulfill the probationary service requirements without regard to her prior probationary service. As noted by the superintendent, petitioner was in effect "a 'new teacher' to the district." Under these circumstances, we conclude that this appointment was "by resolution on or after August 1, 1975" and the board should have awarded petitioner tenure in the broader area of secondary science. Therefore, having greater seniority than appellant, petitioner should have been appointed to the vacant junior high school position. We also note that the vacant position was "similar" to petitioner's former position. Damiani, J. P., Gibbons, Rabin and Margett, JJ., concur.