■ In the Matter of ANN KOHLER, Appellant, v BOARD OF EDUCATION, SOUTH HUNTINGTON UNION FREE SCHOOL DISTRICT, et al., Respondents.—In a proceeding pursuant to CPLR article 78 to compel the petitioner's reinstatement to a full-time teaching position, and to restore to her all benefits nunc pro tunc to the date when a vacancy first came into existence,

the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Morrison, J.), dated May 24, 1984, which dismissed the proceeding on the merits.

Judgment reversed, on the law, with costs, the respondent Board of Education is directed to reinstate the petitioner to a full-time teaching position nunc pro tunc to the date when a vacancy first came into existence, and the matter is remitted to the Supreme Court, Suffolk County, for a determination of that date and a calculation of any back pay owed to the petitioner.

The petitioner was given a probationary appointment as a "Mathematics teacher" effective September 1, 1970, and was assigned to teach full time at the Stimson Junior High School, the curriculum embracing grades seven through nine. She was permanently certified in the area of "Mathematics 7-12," effective February 1, 1973, and the respondent Board of Education, South Huntington Union Free School District (hereinafter the board) granted her tenure in the junior high school academic area effective September 1, 1973. At the time of the petitioner's appointment to tenure, the board maintained, aside from certain special subject tenure areas not relevant to this appeal, three separate and distinct horizontal tenure areas: the elementary level academic tenure area (kindergarten through grade six), the junior high school academic tenure area (grades 7 through 9) and the senior high school academic tenure area (grades 10 through 12). Each horizontal tenure area subsumed within a single unit disparate academic subjects and disciplines, such as English, social studies, mathematics, science, and foreign languages. It is noteworthy that, effective August 1, 1975, the board was required to make probationary and tenure appointments in accordance with the provisions of part 30 of the Rules of the Board of Regents, which, *inter alia,* set forth the tenure areas *(see,* 8 NYCRR 30.2 [a]; *Matter of Nagel v Board of Educ.,* 83 AD2d 852). The Board of Regents defined as a separate academic tenure area each core academic subject (i.e., English, social studies, mathematics, science, and foreign languages) in which instruction was departmentalized at or above the seventh grade level *(see,* 8 NYCRR 30.7, formerly 8 NYCRR 30.4). Thus, mathematics on a grade 7 through 12 basis was deemed one tenure area.

The petitioner exclusively taught mathematics subjects on the junior high school level until September of 1980. For the 1980-1981 school year, the petitioner taught three periods of social studies and two periods of mathematics. Thereafter, the School District notified the petitioner that effective June 30,

1981, her services would be terminated because there were no available positions in her "General Secondary Tenure Area 7-9" for the 1981-1982 school year. The petitioner raises no challenge regarding the legality of the excessing process.

For the 1982 to 1983 school year, the School District appointed Christine Zacharewicz to fill a vacancy as a mathematics teacher at the district's high school. For the 1983 to 1984 school year, Geoffrey Coleman was appointed as a probationary mathematics teacher at the high school.

Thereafter, the petitioner commenced the instant article 78 proceeding, claiming that her recall rights under Education Law § 2510 (3) entitled her to either of the above positions. The respondents cross-moved for a judgment dismissing the petition on the grounds that the positions occupied by Zacharewicz and Coleman were not within the petitioner's junior high school academic tenure area, and that those positions were not "corresponding" or "similar" to the petitioner's prior teaching position. Special Term dismissed the petition on the ground that the positions the petitioner was seeking were not corresponding or similar to her prior position.

Education Law § 2510 (3), provides, in pertinent part: "If an office or position is abolished or if it is consolidated with another position without creating a new position, the person filling such position at the time of its abolishment or consolidation shall be placed upon a preferred eligible list of candidates for appointment to a vacancy that then exists or that may thereafter occur *in an office or position similar to the one which such person filled*" (emphasis added). Initially, it must be noted that contrary to the board's claim, an excessed teacher seeking reemployment pursuant to Education Law § 2510 (3) need not be tenured in the area of the vacant position *(see, Dinerstein v Board of Educ.,* 50 NY2d 879; *Matter of Cole v Board of Educ.,* 90 AD2d 419, *affd* 60 NY2d 941; *Matter of Leggio v Oglesby,* 69 AD2d 446).* "The only requirements are that the vacant position be similar to the teacher's former position and that the teacher be legally qualified to teach in the position sought and have seniority in the district" *(Matter of Cole v Board of Educ., supra,* pp 428-429). It is undisputed that the petitioner has greater seniority in the system than the two individual respondents, and that she is legally qualified to teach in the sought-after positions as evidenced by her certification in the area of "Mathematics 7-12" *(see, Matter of Chauvel v Nyquist,* 43 NY2d 48; *Matter of Ward v Nyquist,* 43 NY2d 57). The only remaining issue is

whether the positions presently occupied by the individual respondents are similar to the petitioner's former position.

Special Term erred in ruling that the positions filled by Zacharewicz and Coleman were not corresponding or similar to the position the petitioner held. "At the outset, it should be noted that in applying section 2510 we must give broad meaning to the term 'similar', 'so as to prevent erosion of tenure rights of the incumbents of abolished positions' " *(Matter of Dinan v Board of Educ.,* 74 AD2d 922, 923; quoting from *Matter of Bork v City School Dist.,* 60 AD2d 13, 15-16; *see also, Matter of Rossi v Board of Educ.,* 120 Misc 2d 129; *Matter of Klein v Deer Park Union Free School Dist.,* 110 Misc 2d 332). In *Matter of Nagel v Board of Educ.* (83 AD2d 852, *supra),* this court held that the vacant position of junior high school science teacher was similar to the petitioner's former position as a general senior high school science teacher. Similarly, here the position of senior high school mathematics teacher is similar to the petitioner's former position as a junior high school mathematics teacher. The fact that the Commissioner of Education has chosen to certify all secondary mathematics teachers, regardless of grade level, in one category (i.e., "Mathematics 7-12"), and the fact the Board of Regents, in promulgating part 30 of its rules, has chosen to treat each core academic subject, including mathematics, as a separate tenure area on the grade levels of 7 through 12, instead of bifurcating such tenure areas into junior and senior high school categories, supports the view that the positions of senior and junior high school mathematics teachers are similar. Any other interpretation of the concept of similarity would place an oppressive restriction on seniority rights. Finally, we also note that in her years of teaching in the district, the petitioner taught numerous algebra courses, and that the respondent Coleman's position included teaching algebra courses. Mangano, J. P., Brown, Rubin and Lawrence, JJ., concur.