■ In the Matter of SANDRA ANDERSON, Appellant, v BOARD OF COOPERATIVE EDUCATIONAL SERVICES, SECOND SUPERVISORY DISTRICT, SUFFOLK COUNTY, Respondent.—In a proceeding pursuant to CPLR article 78 to compel the petitioner's reinstatement to two part-time teaching positions, and to restore to her all benefits nunc pro tunc, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Orgera, J.), entered October 21, 1985, which dismissed the proceeding on the merits.

Ordered that the judgment is modified, on the law and the facts, by deleting the second, third and fourth decretal paragraphs thereof and substituting therefor provisions adjudging that the Federally funded School to Work Transition Program was similar to the petitioner's position as a matter of law, and ordering the petitioner reinstated to the School to Work Program nunc pro tunc to the date when the vacancy first came into existence; as so modified, the judgment is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Suffolk County, for a determination of the vacancy date and the calculation of any back pay owed to the petitioner.

The part-time position in the respondent's program which was created through funding by a Federal grant consisted

entirely of duties formerly performed by the petitioner. Thus the new part-time position and the petitioner's former position were "similar" within the meaning of Education Law § 2510 (3) *(see, Matter of Abrams v Ambach,* 43 AD2d 883, 884; *see also, Matter of Young v Board of Educ.,* 35 NY2d 31, 34), and the petitioner was entitled to reinstatement in that position.

On the other hand, although some of the duties assumed by other teachers as part of a restructured position in the respondent's program were the same as those formerly assigned to the petitioner, those duties amounted to less than half of the duties of the restructured position. Thus the petitioner was not entitled to reinstatement in the restructured position because it was not "similar" to her former position *(see, Matter of Currier v Tompkins-Seneca-Tioga Bd. of Coop. Educ. Servs.,* 80 AD2d 979; *Matter of Dinan v Board of Educ.,* 74 AD2d 922, 923; Education Law § 2510 [3]). Thompson, J. P., Niehoff, Lawrence and Kunzeman, JJ., concur.