■ In the Matter of TERESA AVILA, Respondent, v BOARD OF EDUCATION OF NORTH BABYLON UNION FREE SCHOOL DISTRICT, Appellant, et al., Respondent. [658 NYS2d 703] —In a proceeding pursuant to CPLR article 78 to review a determination terminating the petitioner's employment as a teacher, the Board of Education of the North Babylon Union Free School District appeals from so much of a judgment of the Supreme Court, Nassau County (Phelan, J.), dated October 16, 1996, as annulled its determination and directed it to reinstate the petitioner to a position as a tenured English teacher effective July 1, 1995, together with back pay and interest.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

On September 1, 1978, the petitioner was appointed to a three-year probationary term as an English teacher. She acquired tenure in 1982. At the end of the 1986-1987 school year, the petitioner was "excessed" from employment when her full-time teaching position was eliminated. In accordance with Education Law § 2510 (3) (a) *(now see,* Education Law § 3013 [3] [a]), her name was placed on a "preferred eligible list" for appointment to any vacancy which might arise in a similar position within seven years from the date her position was abolished.

In September 1987 the petitioner was reinstated to a full-time teaching position when another English teacher retired. However, in June 1988 that position was eliminated and she was again excessed and placed on the preferred eligible list. In September 1994 the petitioner was recalled from the list to fill a part-time English teaching position which became available. At the end of the school year, that position was also abolished and she was notified that her employment would be terminated as of June 30, 1995.

Another vacancy was created when an English teacher retired on July 1, 1995. However, the appellant, the Board of Education of the North Babylon Union Free School District (hereinafter the Board) did not appoint the petitioner to that position, but rather, hired the additional respondent Deirdre Cerrito, a teacher new to the school district with less seniority, to fill the vacancy.

The petitioner then commenced this CPLR article 78 proceeding challenging the Board's action. She contended that she was entitled to be placed on the preferred eligible list when her part-time position was abolished and, as the most senior English teacher on the list, to be recalled from the list and appointed to the full-time vacancy. In its answer, the Board admitted that the petitioner's seven-year period of preferred eligibility recommenced when her second full-time position was eliminated in June 1988, but asserted that the period was not renewed when her part-time position was abolished. Since the seven-year period expired on June 30, 1995, the petitioner no longer had preferred eligibility and was not entitled to appointment to the position which became vacant on July 1, 1995. The Supreme Court rejected the Board's argument and concluded that the elimination of the petitioner's part-time position served to renew her seven-year preferred eligibility period. We agree.

The purpose of Education Law § 3013 (3) (a) is to provide a mandatory preference in rehiring for teachers who have lost their positions as a result of "excessing" *(see, Matter of Brewer v Board of Educ.,* 51 NY2d 855, 857). The statute reflects the public policy that qualified teachers "should generally be preferred for purposes of re-employment", subject to the similarity of position restriction *(see, Matter of Leggio v Oglesby,* 69 AD2d 446, 449).

A full-time and part-time position are considered to be similar so long as the duties of the positions are similar *(see, Matter of Abrams v Ambach,* 43 AD2d 883; *Matter of Baron v Mackreth,* 30 AD2d 810, *affd* 26 NY2d 1039). Thus, a teacher whose full-time position is abolished is entitled to appointment to a similar part-time position *(see, Matter of Zurlo v Ambach,* 53 NY2d 1035, 1037; *Matter of Abrams v Ambach, supra; Matter of Siniapkin v Nyquist,* 68 Misc 2d 214). The acceptance of a part-time position does not diminish a teacher's tenure or seniority rights and does not foreclose the assertion of his or her right to a full-time position which subsequently becomes available *(see, Matter of Bellarosa,* 20 Ed Dept Rep 252; *Matter of Oursler,* 15 Ed Dept Rep 258). Consequently, part-time service by a tenured teacher who was previously a full-time employee is considered in computing seniority *(see, Matter of Blanchard,* 14 Ed Dept Rep 260).

Therefore, under the circumstances of this case, we see no reason for the distinction the Board has made between full- and part-time employment for purposes of recommencement of the preferred eligibility period. Renewal of the seven-year pe-

riod upon the elimination of the petitioner's part-time position preserves the seniority rights the statute was designed to protect. Consequently, the Supreme Court properly directed the Board to reinstate the petitioner. Miller, J. P., Sullivan, Joy and Altman, JJ., concur.