■ SAM YENNOCK, Appellant-Respondent, v. STATE OF NEW YORK, Respondent-Appellant. (Claim No. 39828.) — Judgment unanimously reversed on the law and facts, without costs of these appeals to either party, and a new trial granted. Memorandum: The decision does not disclose the basis of the court's determination. That alone could require reversal and a new trial. (*Conklin* v. *State of New York*, 22 A D 2d 481.) In addition there are serious errors and deficiencies in the proof offered by both sides which, in our opinion, render impossible any decision by this court based upon this record. The real estate experts who testified for both sides all agreed that this tract contained three segments of different value. Nevertheless, no reliable proof was offered from which the court could determine the value of the two rear parcels not fronting on Seventh North Street. The appraisers for both sides gave only their conclusions as to the value of this portion of the property without indicating the basis for the values assigned. Under the circumstances of this case, proof of this nature is insufficient. The appraisals for parcel three, one of the rear parcels, ranged from $63,118.50 to $2,000. The experts likewise disagreed sharply as to the value of rear parcel two. Without testimony showing the

basis for these valuations and the reasons for such a wide disparity, this court is unable to determine the fair market value of the property with any degree of certainty. The proof with respect to the value of parcel one, fronting on Seventh North Street, was also unsatisfactory. The experts for both sides relied upon certain sales which were not truly comparable and in applying the values derived from these sales to the subject property did not give sufficient consideration to the distinguishing factors in order that they might afford a sound basis for appraisal. There was no effort to show that there were other sales in the vicinity that were more truly comparable. Moreover, in determining the highest and best uses, upon which he relied in fixing value, the claimant's appraiser did not limit himself to uses permitted under the zoning ordinance. While an expert may consider that a variance might be granted, if there is reasonable probability so to conclude, he may not base his opinion on the flat assumption that such a variance will necessarily be granted. This land had been vacant for a long time, and while it was the claimant's position that the demand for such property exceeded the supply, there is no proof of any bona fide offers to purchase this property. The agreement with Davison, in our opinion, was not a true offer in the sense that it could be established as a bid between a willing seller and a willing buyer dealing at arm's length. Further, even assuming that land values in this area had risen sharply previous to the appropriation, as seems to be conceded by the State's appraisals, there is no proof from which the percentage of this increase can be ascertained. Certainly there is no basis in the record for concluding that this unimproved land, which was purchased for $4,500 in 1956 and was assessed at $800, had reached a fair market value at the time of the appropriation in 1961 of $183,768.50 as testified to by claimant's expert. The claimant urges that consideration should be given to the amount of compensation awarded to an adjoining landowner in the case of *Spano* v. *State of New York* (22 A D 2d 757). A factual determination upon different evidence, however, can have no bearing upon the decision to be reached in the present case. (*Celeste* v. *State of New York*, 15 A D 2d 593; *Duggan* v. *State of New York*, 32 Misc 2d 638.) We realize that there may be cases where there are no appropriate comparable sales, where the land is vacant and unproductive and there is no income to capitalize, where the actual purchase price and the assessed valuation may not furnish a true guide to value, where there have been no firm offers for the property and, thus, where the experience and expert knowledge of the appraisers may furnish the only criteria on which to base an opinion as to value. But it does not appear that this is such a case. That being so, the ordinary factors should have been considered. (See 4 Nichols, Eminent Domain [3d ed.], § 12.31, subd. [2].) (Appeal and cross appeal from judgment of Court of Claims for claimants on a claim for damages for permanent appropriation of land.) Present — Williams, P.J., Bastow, Goldman, Henry and Noonan, JJ.