■ RHODIA, INC., Appellant, v. NAT STEEL, Respondent. — Order entered December 11, 1968, unanimously reversed on the law, with $50 costs and disbursements to the appellant, and the motion for summary judgment in the sum of $15,817.30 plus interest is granted. The unconditional guarantee is an instrument for the payment of money only within the meaning of CPLR 3213. (*Seaman-Andwall Corp.* v. *Wright Mach. Corp.*, 31 A D 2d 136.) The defenses sought to be asserted are insufficient as a matter of law. The defense of economic duress is without factual basis. The defense based on defects in the merchandise sold to the principal debtor is not available to the respondent-guarantor. (*Elliott* v. *Brady*, 192 N. Y. 221.) The documentary evidence establishes the amount of defendant's indebtedness, as well as defendant-respondent's liability therefor. Settle order on notice. Concur — Eager, J. P., Capozzoli, McGivern, McNally and Steuer, JJ.

■ SOUVERAN FABRICS CORP., Respondent, v. VIRGINIA FIBRE CORPORATION, Appellant. — Order entered August 1, 1968, reversed on the law and in the exercise of discretion, with $30 costs and disbursements to the appellant, and motion to vacate the demand for bill of particulars granted. Defendant should not be required to detail in a bill of particulars the statutes and decisional law upon which it relies. (See *Gevinson* v. *Kirkeby-Natus Corp.*, 26 A D 2d 71.) Since the court is required to take judicial notice of the law of New York without evidence to establish it (Richardson, Evidence [9th ed.], § 7) the defendant need not particularize the provisions of such law. Concur — Capozzoli, J. P., Tilzer, Markewich, Nunez and McNally, JJ.