■   DUBOVSKY & SONS, INC., Respondent-Appellant, v LEONARD SCHWARTZ, Appellant-Respondent.—In an action to recover a sum of money allegedly due and owing under an unconditional suretyship agreement, which action was commenced by service of a summons with notice of motion for summary judgment in lieu of complaint, the parties cross-appeal from an order of the Supreme Court, Kings County, dated October 11, 1979, which, upon reargument, modified its prior order granting plaintiff summary judgment in the amount of $46,813, by reducing the sum upon which summary judgment would be granted to $21,813 and directing that a trial be held as to the balance of the claimed indebtedness. Order reversed, on the law, without costs or disbursements, motion for summary judgment denied, and order dated July 27, 1979 and judgments entered August 20, 1979 and October 24, 1979, respectively, vacated, without prejudice to the making of any further motion for summary judgment upon the joinder of

issue. Plaintiff is directed to serve and file a complaint within 20 days after the service upon it of a copy of the order to be entered hereon, together with notice of entry thereof, and the defendant is directed to interpose his answer within 20 days thereafter. All subsequent pleadings and pretrial procedures shall be governed by the appropriate provisions of the CPLR. Defendant's continuing, unconditional guarantee of the present and future indebtedness of Mendez & Schwartz, Inc. (of which he is a principal) to the corporate plaintiff, Dubovsky & Sons, Inc., for goods sold and delivered by the latter to the former is not "an instrument for the payment of money only" upon which summary relief pursuant to CPLR 3213 may be granted. Thus, as the Appellate Division, Third Department, observed in *McNeilly v Rogers* (58 AD2d 724, 725): "[In order f]or plaintiff to prevail on his motion, his action must be 'based upon an instrument for the payment of money only' (CPLR 3213), and, as such, he must be able to prove a prima facie case *merely by proof of the instrument and defendant's failure to make payments in accordance with its terms (Interman Ind. Prods. v R.S.M. Electron Power,* 37 NY2d 151; *Seaman-Andwall Corp. v Wright Mach. Corp.,* 31 AD2d 136)." (Emphasis supplied.) In the instant case, however, additional proof dehors the instrument will be necessary in order for the plaintiff to prevail, as it must be established that there is an existing, unsatisfied indebtedness of the principal debtor for which the defendant must answer, i.e., that there actually were goods sold and delivered to the corporate debtor for which it remains liable. It is for this reason that relief pursuant to CPLR 3213 must be denied (see *McNeilly v Rogers, supra;* cf. *Rhodia, Inc. v Steel,* 32 AD2d 753 [unconditional guarantee of a promissory note]). Rabin, J. P., Gulotta, Cohalan and Margett, JJ., concur.