■ MASTAN COMPANY, INC., Respondent, v STEVE WEIL, Appellant, et al., Defendants. — Appeals (1) from an order of the Supreme Court at Special Term (Cobb, J.), entered March 26, 1975 in Ulster County, which, *inter alia,* granted a motion by plaintiff for summary judgment for the relief demanded in the complaint and dismissed the counterclaims contained in the answer of defendant Weil; (2) from an order of said court, entered August 17, 1976 in Ulster County, which granted a motion by defendant Weil for reargument and thereupon adhered to its original decision granting plaintiff's motion for summary judgment and dismissing the counterclaims; and (3) from an order and judgment of the Supreme Court in favor of plaintiff, entered April 25, 1980 in Ulster County, upon a decision of the court at a Trial Term (Williams, J.), without a jury. In May, 1973, plaintiff loaned defendant Garden Cities Development Corporation (Garden Cities) $675,000, secured by a mortgage on certain real property and the joint and several personal guarantees of defendants Gold, Weingarten and Weil. Thereafter, on September 18, 1973, plaintiff loaned the additional sum of $675,000 to Garden Cities, secured by another mortgage on realty and the personal joint and several guarantees of Gold and Weil. In March, 1974, plaintiff commenced this action to foreclose both mortgages against Garden Cities as owner, and for judgment against the guarantors for any deficiency resulting after sale. Only Garden Cities, Gold, Weingarten and Weil filed answers to the complaint. Weil pleaded 13 affirmative defenses and two counterclaims, all challenging the enforceability of his guarantees. He also cross-claimed for indemnification against Garden Cities and another defendant. On March 4, 1975, Special Term granted plaintiff's motion for summary judgment predicated upon the inadequacy of the affidavits in opposition to the motion. Weil appealed therefrom. In August, 1976, Special Term granted Weil leave to reargue and, upon reargument, adhered to its original decision granting plaintiff summary judgment, dismissing Weil's counterclaims, severing his cross claims, and appointing a Referee to compute the amount due and sell the mortgaged premises at public auction. Weil also appealed from that order. At the foreclosure sale, held on December 5, 1975, plaintiff bid on two of the mortgaged properties for $100 each. There were no bids on a third parcel, it having been previously sold during the foreclosure of a superior mortgage. Thereafter, in May, 1976, plaintiff moved for confirmation of the Referee's report of sale and for leave to enter a deficiency judgment against Garden Cities, Gold, Weingarten and Weil pursuant to RPAPL 1371 (subd 1). Following a nonjury trial, plaintiff was awarded a deficiency judgment against Garden Cities, Gold and Weil (Weingarten having settled) in the sum of $1,790,913.40, plus interest. Weil has appealed the judgment, contending that plaintiff's proof was inadequate and that the trial court erred in excluding certain of his proof. Defendant Weil's appeals from the 1975 and 1976 orders granting plaintiff summary judgment should be dismissed as academic. The order upon reargument of the 1975 order supersedes that prior order *(Doyle v Hamm,* 52 AD2d 899; *Dennis v Stout,* 24 AD2d 461; Siegel, New York Practice, § 254, p 314). Moreover, the earlier orders, which determined liability and granted plaintiff summary judgment, necessarily affect the final deficiency judgment and are thus reviewable upon the appeal therefrom (CPLR 5501, subd [a], par 1; see *Finder v Finder,* 65 AD2d 536). Defendant Weil contends that Special Term erred in granting plaintiff's motion for summary judgment. Essentially, Weil contends that he was fraudulently

induced to execute both guarantees and that such defenses raise triable issues of fact which preclude summary judgment (CPLR 3212, subd [b]). We disagree. Both of the signed guarantee agreements provided that Weil unconditionally and irrevocably guaranteed payment of the indebtedness. Parol evidence is not admissible to prove a condition precedent to a written agreement if the condition contradicts the express written terms of such agreement *(Hicks v Bush,* 10 NY2d 488; *Meadow Brook Nat. Bank v Bzura,* 20 AD2d 287; see *Long Is. Trust Co. v International Inst. for Packaging Educ.,* 38 NY2d 493; cf. *Chemical Bank v Weiss,* 82 AD2d 941). Here, the alleged oral condition precedent is in direct contradiction with the "unconditional" description of the guarantor's obligation. Weil's further contention of fraudulent inducement based on misrepresentations that plaintiff would finance another apartment project similarly fails to create a triable issue of fact. His affidavits and answer are conclusory in nature and are virtually devoid of evidentiary support. Defendant failed to set forth dates, places and other details underlying his contentions *(Chemical Bank N.Y. Trust Co. v Liebman,* 50 AD2d 492, 496). Absent a clear evidentiary showing of fraud, defendant's allegations are inadequate to avoid his obligation on his guarantees *(Ehrlich v American Moniger Greenhouse Mfg. Corp.,* 26 NY2d 255; *State Bank of Albany v McDonnell,* 40 AD2d 905; *Holdridge v Town of Burlington,* 32 AD2d 581). Summary judgment dismissing these defenses and counterclaims was proper. Next, Weil contends that an agreement between plaintiff and Garden Cities to extend the date for a payment due on August 10, 1973 constituted a modification, relieving his obligation under the guarantee, and that the existence (or nonexistence) of such agreement created a triable question of fact, precluding summary judgment. We disagree. Although an extension of a debtor's time to make payment, if granted without a guarantor's consent, will serve to discharge a guarantor (57 NY Jur, Suretyship and Guaranty, § 169, p 471; § 180, p 499), here the May, 1973 written guarantee states: "The undersigned consents that without notice to or further assent by the undersigned, the obligation of any *party* for the liabilities guaranteed hereby may be extended, modified, prepaid, changed or released by Creditor as it may deem advisable, in which event the undersigned shall nevertheless remain bound to the full extent hereof" (emphasis added). Defendant contends that this provision is inapplicable to extensions given to Garden Cities, because Garden Cities, although mentioned as the "Debtor" in the guarantee agreement, is not a *party* to that agreement. Defendant, however, fails to support this contention by extrinsic proof of an evidentiary nature (see *Mallad Constr. Corp. v County Fed. Sav. & Loan Assn.,* 32 NY2d 285). Thus, Special Term could properly interpret the provision on the motion for summary judgment (see *Bensons Plaza v Great Atlantic & Pacific Tea Co.,* 44 NY2d 791). While the principal debtor is not technically a *party* to a guarantee (57 NY Jur, Suretyship and Guaranty, § 15, p 206), the May guarantee speaks of the creditor, the debtor, and the guarantors or the "undersigned". Weil's interpretation that the modification clause applied only to the guarantors' obligations and not to the debtors', renders the final clause of that provision meaningless. In our view, Special Term properly interpreted the provision holding that Weil consented to the payment extension. Similarly, the express language of the guarantee agreement precludes his claimed release when plaintiff failed to commence foreclosure against Garden Cities pursuant to his August 10, 1973 demand. Defendant Weil further contends that plaintiff failed to meet its initial burden of proof to establish prima facie the fair market value of the subject properties on December 5, 1975, in the trial seeking the deficiency judgment. RPAPL 1371 (subd 2) provides that a deficiency judgment shall be granted in an amount by which the *debt* exceeds the "higher" of (1) the fair market value of

the property "as of the date [the] premises were bid in at auction", or (2) the sale price of the property at auction. In our view, plaintiff sufficiently established fair market value of the subject properties *(National Bank of North Amer. v Systems Home Improvement,* 69 AD2d 557). The expert testimony presented was based upon acceptable methods of valuation (cf. *Fredenburgh v State of New York,* 26 AD2d 966; *Gold Cup Farms v State of New York,* 26 AD2d 770; *Yennock v State of New York,* 23 AD2d 809) by properly qualified witnesses (see *Broward Nat. Bank of Fort Lauderdale v Starzec,* 30 AD2d 603, 604). However, the record lacks proof, other than hearsay, of the balance due on the prior mortgage incumbrances. While the parties stipulated to the original amounts, they did not stipulate to the original dates of those mortgages or their payment terms. Moreover, the expert testimony on this point should have been precluded under the best evidence rule. Where the contents of a writing are in issue, the original document, unless otherwise excused, must be produced (Fisch, New York Evidence [2d ed], § 81, pp 49-50; § 82, pp 50-51). Defendant's failure to demand the prior mortgage documents and records does not avoid application of the rule (21 NY Jur, Evidence, § 223, p 362). As a result, plaintiff's evidence of the balance due on the prior mortgages should have been excluded (see *See Chang Chiu v Garcia,* 75 AD2d 594; cf. *Cassano v Hagstrom,* 5 NY2d 643, 646). We note that the testimony of defendant and his former attorney concerning the property equity in 1973 is not necessarily reflective of the value in 1975, and thus the trial court properly deemed it insufficient (see *National Bank of North Amer. v System Home Improvement,* 69 AD2d 557, *supra).* In sum, except for the insufficiency of the evidence regarding the unpaid prior mortgages, the findings of the trial court are supported by the evidence and should be affirmed (see RPAPL 1371, subd 2; *Matter of City of New York [Coogan],* 20 NY2d 618, 623; cf. *Matter of City of New York [A. & W. Realty Corp.],* 1 NY2d 428). Order and judgment entered April 25, 1980 modified, on the law and the facts, by reversing so much thereof as awards plaintiff a deficiency judgment in the amount of $1,790,913.40, plus interest, and matter remitted to Trial Term for submission of proof on the balances of the prior mortgages due on December 5, 1975, and, as so modified, affirmed, with costs to plaintiff. Appeals from orders entered March 26, 1975 and August 17, 1976, dismissed, as academic, without costs. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.