■ COUNCIL COMMERCE CORPORATION, Appellant, v PETER PASCHALIDES et al., Respondents. — In an action to recover on a guarantee, plaintiff appeals (1) from an order of the Supreme Court, Nassau County (Vitale, J.), dated August 16, 1982, which denied its motion for summary judgment in lieu of a complaint pursuant to CPLR 3213 and (2) from so much of a further order of the same court, dated August 27, 1982, as, upon granting plaintiff's motion for reargument, adhered to its original determination. Appeal from the order dated August 16, 1982 dismissed. This order was superseded by the order dated August 27, 1982 which granted reargument. Order dated August 27, 1982 reversed, insofar as appealed from, on the law, order dated August 16, 1982 vacated, motion granted, with interest thereon of 25% per annum from May 1, 1982, and matter remitted to Special Term for a determination as to legal fees, along with other costs and expenses, and for the entry of an appropriate judgment. Plaintiff is awarded one bill of $50 costs and disbursements. A personal guarantee qualifies as an instrument for the payment of money only, and in light of the affidavit of nonpayment submitted along with the guarantee and its unchallenged recitation of consideration provided in exchange for the guarantee, plaintiff was entitled to summary judgment pursuant to CPLR 3213 (*Seaman-Andwall Corp. v Wright Mach. Corp.,* 31 AD2d 136, affd 29 NY2d 617; *Rhodia, Inc. v Steel,* 32 AD2d 753; *Community Nat. Bank & Trust Co. of N. Y. v Liberty Corp.,* 35 AD2d 925). Special Term's reliance on *Dubovsky & Sons v Schwartz* (75 AD2d 802) was misplaced. There was a dispute in that case with regard to the value of the goods sold and delivered, and there was a need for proof outside the instrument with regard thereto. In the instant action, no proof other than the instrument sued upon and the affidavit of nonpayment is needed to establish a prima facie case. Damiani, J. P., Mangano, Thompson and Boyers, JJ., concur.