GEORGE M. MALLAN, Respondent-Appellant, v GUCKI SAMOWICH, Appellant-Respondent.

First Department, June 23, 1983

APPEARANCES OF COUNSEL

*Edward B. Hunter* of counsel (*Nolte & Nolte, P. C.,* attorneys), for appellant-respondent.

*Sally Weinraub* of counsel (*Alpert & O'Rourke, P. C.,* attorneys), for respondent-appellant.

OPINION OF THE COURT

ASCH, J.

Plaintiff George Mallan and defendant Gucki Samowich are brother and sister. Their mother, Joan Mallan, a California domiciliary, died on May 27, 1979. Her will, which

was executed in 1977, left the bulk of her estate, through its residuary clause, to her daughter, the defendant, who also was named executrix. It appears that this constituted a major change from a previous will. Apparently, the decedent was motivated by ill will toward plaintiff's wife, Lynn Mallan. There is no dispute that four days after the mother's death, the parties executed an "agreement of distribution" drawn up by defendant's California lawyer, although the parties disagree as to the underlying reason for its making. Under that document, the parties agreed to substitute an equal division of the residue of the estate and of decedent's savings accounts for the disposition provided for by the will. Further, the parties agreed that plaintiff would hold the property distributed to him separately and in his own will would provide for the distribution of such property to individuals other than to his wife Lynn.

Defendant, as executrix, petitioned the Superior Court of California for an order settling her first and final account as executrix. By order signed and filed June 14, 1980, her petition was granted. The Superior Court order directed the executrix to distribute some $164,106, of which $142,503.14 was in cash, after payment of defendant's attorney's fees, in the following manner: the defendant was to receive the jewelry and personal effects of the decedent; the plaintiff was to receive the sum of $4,329.80 representing one half the savings accounts plus interest thereon of $227.31. One half of the residue was to go to plaintiff and one half to defendant. The property so distributed was enumerated in a schedule incorporated in the order. The order did not mention the parties' "agreement of distribution" although it was clearly based upon such agreement.

This New York action was commenced in April, 1981, alleging defendant to be a New York resident, that defendant had failed and refused to pay over and distribute the portion of the assets of the estate of Joan Mallan to which plaintiff was entitled and that defendant had converted such assets. The complaint sought an accounting and payment of amounts due to plaintiff. Prior to answering the complaint, defendant moved to dismiss the complaint pursuant to CPLR 3211 (subd [a], par 7) for failure to state a cause of action, based upon the argument that the "agree-

ment of distribution" was an instrument of gift, revocable by her until such time as the assets were physically delivered to plaintiff. Defendant also sought summary judgment based upon a receipt dated July 27, 1980, signed by plaintiff, admitting receipt of his distributive share.

Defendant acknowledged having custody and control over the "gift property", purportedly to assure that none of it would be shared by plaintiff's wife. In opposition, plaintiff asserted the "agreement of distribution" was not an instrument creating a revocable gift, but rather a bargained for stipulation entered into in consideration of plaintiff forbearing from filing objections to decedent's will; that incorporation of the terms of the agreement's equal division of the residue of the estate into the order of the California court (and the filing of a gift tax return by defendant) eliminated any ability on her part to revoke the "gift"; and that the provision of the agreement barring plaintiff's wife from sharing in the distributive property was only a condition subsequent to the agreement which did not affect defendant's obligation to turn the property over to him. By an order entered December 21, 1981, Special Term denied defendant's motion, holding the complaint stated a cause of action and that summary judgment was premature as issue had not yet been joined.

Defendant then moved to reargue and asked the court to treat the motion as one for summary judgment under CPLR 3211 (subd [c]). This time, plaintiff cross-moved for summary judgment and, in the alternative, sought an order directing defendant to pay into court certain assets of the estate, seven oil paintings, pursuant to CPLR 2701. Counsel noted the residue of the estate originally contained 13 paintings, as set forth in the schedule of assets contained in the California order; that six of the paintings had been stolen in September, 1979 from decedent's home, according to defendant, so that the deposit with the court of the other seven was warranted.

Special Term granted reargument, treated defendant's motion as one for summary judgment and denied it and plaintiff's cross motion for summary judgment. The court held that the order of the California court was entitled to full faith and credit but also found triable issues of fact

"relating to the nature and the extent of the assets to be distributed, the method of distribution, and the implementation of that portion of the distribution agreement which requires George Mallan to make a will providing for the distribution of his share of the Joan Mallan estate, at the time of his death, to persons other than his wife, Lynn Mallan."

However, Special Term should have granted plaintiff's cross motion for summary judgment directing defendant to account to plaintiff for the assets held by her. Defendant's contention that the arrangement between the parties was one creating a gift, so that without delivery of the property, plaintiff has no claim to ownership or title of the disputed property, is without merit. If only the "agreement of distribution" were before Special Term, an issue of fact would be presented as to whether the instrument was an enforceable contract supported by the consideration of plaintiff's forbearing from filing objections to decedent's will. This would have justified denial of summary judgment to both movants.

However, the order of the Superior Court of California, prepared by defendant's counsel and granting her petition for settlement of her account as executrix, directs that she distribute to plaintiff approximately $4,500 representing savings accounts of decedent, and one half of the residue of the estate. Defendant may not ignore this order with impunity and Special Term, while recognizing it was entitled to full faith and credit, should have given it that effect by granting plaintiff's cross motion.

Defendant's contention that the California order is not entitled to full faith and credit, pursuant to article IV of the United States Constitution, is without merit. Her reliance upon *Atlas Credit Corp. v Ezrine* (25 NY2d 219), is misplaced. In that case, the Court of Appeals refused to give full faith and credit to a *cognovit* judgment of a sister State. Such a judgment is a form of confession of judgment which permits any attorney to enter it in the court of any State without any prior notice to the obligor. This type of judgment is likewise not entitled to full faith and credit in New York (see CPLR 5401). Such a judgment cannot be compared with the California order in the instant case. The

latter was entered upon notice and consent of both parties. CPLR 5401 does not bar enforcement of *consent* judgments, but only default and confession judgments. CPLR 5406 also clearly permits a plenary action on such a judgment.

The California order determined the rights of the parties in that proceeding and has not been shown to be anything other than final and conclusive. Indeed, defendant, as far as the record indicates, has not sought to modify the California order and has shown no basis for modification.

The additional contention by defendant that an executed receipt from plaintiff constitutes a release is equally without merit. It is clear from defendant's own papers that plaintiff signed the receipt at the request of defendant's counsel upon receiving $2,000 in bonds and a stamp collection worth approximately $275, and *not* upon his receipt of his full share.

· The nature and extent of the assets to be distributed and the uncertainty as to precisely what plaintiff has received thus far prevents a final judgment at this time as to what specific property each sibling should get. However, these issues do not preclude the grant of an interlocutory judgment directing an accounting.

In addition, plaintiff requested in his cross motion that seven oil paintings be paid into court pursuant to CPLR 2701, or alternative relief. That section permits the court to order "personal property capable of delivery which is the subject of the action, paid into court, or delivered to such person as it may direct, with such security as the court shall direct * * * if * * * a party has such property in his possession, custody or control as trustee for another party or where it belongs or is due to another party". The California order did not discharge defendant as executrix of decedent's estate, but even if she were no longer executrix formally, she unquestionably retains control over such property in a fiduciary capacity.

There has been a theft of six other paintings from the estate. The parties dispute the value of the remaining paintings but plaintiff estimates they may be worth several million dollars. Special Term should also have granted this branch of plaintiff's cross motion in light both of the

prior theft and the fact that defendant is acting in a fiduciary capacity in her possession of these paintings.

Accordingly, the order of the Supreme Court, New York County (STANLEY OSTRAU, J.), entered September 8, 1982, granting reargument, and upon reargument denying defendant's motion for summary judgment and plaintiff's cross motion for summary judgment and for the payment of seven paintings into court pursuant to CPLR 2701 or for alternative relief, should be modified, on the law, and plaintiff's cross motion for summary judgment granted directing defendant to account to plaintiff for all of the assets of the estate held by her, directing defendant to deliver the seven paintings to the County Clerk, New York County, within 20 days of service of the order entered hereon, and otherwise affirmed, with costs and disbursements of this appeal payable by defendant.

CARRO, J. P., BLOOM, FEIN and ALEXANDER, JJ., concur.

Order, Supreme Court, New York County, entered on September 8, 1982, unanimously modified, on the law, and plaintiff's cross motion for summary judgment granted directing defendant to account to plaintiff for all of the assets of the estate held by her, directing defendant to deliver the seven paintings to the County Clerk, New York County, within 20 days of service of this court's order, and otherwise affirmed. Plaintiff-respondent-appellant shall recover of defendant-appellant-respondent $75 costs and disbursements of this appeal.