■ NORTH CENTRAL PENNSYLVANIA REGIONAL PLANNING AND DEVELOPMENT COMMISSION, Appellant, v G. READ WOODWORTH et al., Respondents.—Order unanimously reversed on the law without costs and plaintiff's motion granted, in accordance with the following memorandum: Special Term erred in failing to grant plaintiff's motion for summary judgment in lieu of complaint pursuant to CPLR 3213. Plaintiff sought relief based upon each of the two categories set forth in the statute, viz.: (1) the personal guarantee executed by the defendants as an instrument for the payment of money only and (2) the cognovit judgment rendered in the State of Pennsylvania.

The court properly held that such cognovit judgment entered against defendants in Pennsylvania is unenforceable because any warrant of attorney which permits entry of a judgment by confession anywhere in the world without notice violates due process *(Atlas Credit Corp. v Ezrine,* 25 NY2d 219). However, it is undisputed that defendants unconditionally guaranteed payment of the corporate obligation which is now in default. Such an unconditional guarantee qualifies as an instrument for the payment of money only within the meaning of CPLR 3213 *(see, European Am. Bank & Trust Co. v Schirripa,* 108 AD2d 684; *Manufacturers Hanover Trust Co. v Green,* 95 AD2d 737, *appeal dismissed* 61 NY2d 760; *Council Commerce Corp. v Paschalides,* 92 AD2d 579).

Defendants have failed to raise any colorable issue with respect to their liability pursuant to the guarantee and suretyship agreement signed by them. The subordination agreement only subordinates a mortgage covering real property whereas the collateral for the note that defendants guaranteed did not

include any real property. Thus, plaintiff is entitled to summary judgment *(see, Manufacturers Hanover Trust Co. v Green, supra; Council Commerce Corp. v Paschalides, supra).* (Appeal from order of Supreme Court, Chautauqua County, Ricotta, J.—summary judgment.) Present—Callahan, J. P., Denman, Green, Pine and Balio, JJ.