LEONARD S. FIORE, SR., Doing Business as FL&S ASSOCS., et al., Respondents, v OAKWOOD PLAZA SHOPPING CENTER, INC., et al., Appellants.

First Department, January 31, 1991

### APPEARANCES OF COUNSEL

*Donald S. Snider* of counsel *(Harry B. Frank* and *Harvey B. Baum* with him on the brief; *Frank, Aronow & Baum, P. C.,* and *Fink Weinberger, P. C.,* attorneys), for appellants.

*Roy A. Powell* of counsel *(Stuart M. Steinberg* with him on the brief; *Steinberg & Fineo,* and *Jones, Day, Reavis & Pogue,* attorneys), for respondents.

### OPINION OF THE COURT

SMITH, J.

The issue presented is whether summary judgment in lieu of complaint is appropriate based upon a cognovit judgment secured in Pennsylvania.

By summons and notice of motion for summary judgment in lieu of complaint, plaintiffs, in January 1989, commenced this action for payment of money only alleged to be due and owing under a bond and warrant. Representing a second mortgage, the bond and warrant was entered into in conjunction with an agreement of sale and purchase-money mortgage related to the purchase by defendants from plaintiffs of 14.8 acres of land in Patton Township, Centre County, Pennsylvania. The property was to be developed as a shopping center. In reply papers, plaintiffs set forth that on December 5, 1988 and September 9, 1988, they had obtained cognovit judgments in the Pennsylvania Court of Common Pleas against Oakwood in the amount of $1,287,713.88 and against all the defendants in the amount of $1,216,145 based upon the purchase-money mortgage and bond and warrant, respectively. Plaintiffs, therefore, requested summary judgment upon the Pennsylvania judgments.

Citing *Atlas Credit Corp. v Ezrine* (25 NY2d 219 [1969]), the IAS court granted summary judgment for plaintiffs based upon the two judgments. It concluded that in personam jurisdiction had been obtained over the individual defendants

under the Pennsylvania long-arm statute (42 Pa Cons Stat §§ 5301, 5322) and that the judgments were conclusive and, therefore, entitled to full faith and credit. The court denied defendants' cross motion to dismiss, pursuant to CPLR 3211 (a) (7), stating that it was precluded from considering the merits of the Pennsylvania actions.

We affirm the IAS court's grant of summary judgment.

We first note that the "Bond and Warrant", insofar as it incorporated other documents related to the parties' real estate transaction and failed to set forth a liquidated sum, did not qualify as an "instrument for the payment of money only". (CPLR 3213.) While plaintiffs moved for summary judgment in lieu of complaint on a note for $1.1 million plus interest, the addendum to the bond and warrant, annexed to defendants' papers in opposition, provides in paragraph "4" that the principal amount due plaintiffs depended upon a calculation of the interior square footage defendants would be permitted by local authorities to build. Additionally, the agreement of sale, which survived the closing, provided for offsets against the note in the event of plaintiffs' default. The papers raise an issue of fact as to whether plaintiffs breached their contractual obligations under the agreement of sale. ·

There was no bar to the IAS court's consideration of plaintiffs' claim for full faith and credit enforcement of a foreign judgment upon the bond and warrant. (CPLR 2001; *see,* Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C2214:3, at 70.) CPLR 3213 authorizes a motion for summary judgment in lieu of complaint in an action "upon an instrument for the payment of money only or upon any judgment". That plaintiffs sought judgment on this note was set forth in its notice of motion made pursuant to CPLR 3213. While plaintiffs for the first time in their reply claimed reliance upon the Pennsylvania judgments, defendants availed themselves of an opportunity to oppose the claim in their surreply. Hence, consideration of plaintiffs' full faith and credit claim resulted in no prejudice to a substantial right of defendants. (CPLR 2001; *Russell v Trask Co.,* 125 AD2d 136 [3d Dept 1987]; *Fletcher v Greiner,* 73 AD2d 591 [2d Dept 1979].)

Similarly, the IAS court correctly concluded that upon its consideration of the facts, the Pennsylvania cognovit judgment on the bond and warrant should be accorded full faith and credit. *(Atlas Credit Corp. v Ezrine, supra; Mallan v Samo-*

*wich,* 94 AD2d 249, 252-253 [1st Dept 1983], *mot to amend order granted* 97 AD2d 364 [1983]; *North Cent. Pa. Regional Planning & Dev. Commn. v Woodworth,* 154 AD2d 913 [4th Dept 1989].)

The individual plaintiffs are all residents of Pennsylvania. Plaintiff FL&S Associates is a partnership consisting of the individual plaintiffs and having its principal place of business in Pennsylvania. While Oakwood is a Pennsylvania corporation, defendants Aronow and Galoto, who are secretary and president of Oakwood, respectively, are residents of New York.

By complaint in confession of judgment filed on September 9, 1988, in the Court of Common Pleas of Centre County, Pennsylvania, plaintiffs demanded entry of judgment as authorized by the bond and warrant, in the amount of $1.1 million plus attorney's fees and interest. Plaintiffs' counsel executed a confession of judgment on behalf of defendants and judgment was entered on that same day by the prothonotary of the court in favor of plaintiffs. (Pa Rules Civ Pro, rule 2951 [b], [c].) A notice of entry of judgment and a copy of the complaint in confession of judgment were apparently mailed by the prothonotary to defendants. On November 9, 1988, plaintiffs, by certified and first class mail, served defendants with a request for discovery in aid of execution of that judgment to which defendants did not respond. Copies of these mail receipts are part of the record. On January 6, 1989, plaintiffs filed a motion to compel discovery and for sanctions against defendants which was granted by the Pennsylvania court on January 26, 1989. On January 20, 1989, plaintiffs commenced the instant action in Supreme Court, New York County.

In *Atlas Credit Corp. v Ezrine (supra),* the Court of Appeals considered whether a Pennsylvania cognovit judgment, similar to the one presented herein, was entitled to full faith and credit. In *Atlas,* the court concluded that the plaintiff's motion for summary judgment enforcement of the Pennsylvania judgment was properly denied and dismissed the complaint with leave to replead. The Court of Appeals held that the procedure by which cognovit judgments were obtained was repugnant to New York's policy, since inherent in them was the lack of opportunity for notice and hearing prior to entry of judgment. Unlike confessions of judgment under CPLR 3218, the obligors, as a matter of contract and prior to any claimed default, authorize some unknown third party to confess judgment in their behalf. Judge Breitel, writing for the majority in *Atlas,*

first noted that full faith and credit under article IV, § 1 of the US Constitution should extend to "judgments" which, by definition, are judicial proceedings or formal decisions rendered in a controversy in which both sides have been given notice and an opportunity to be heard. (25 NY2d, at 230.) By contrast, a proceeding to enter a cognovit judgment on a warrant of attorney is before a prothonotary, or clerk of the court, whose duties are purely ministerial. "The [cognovit] proceedings do not involve the exercise of discretion or judgment usually associated with judicial proceedings. * * * [T]he *cognovit* judgment, while not itself a contract, is merely 'the act of the law, invoked by the parties, in executing [their] agreement' * * * [providing for] the court's imprimatur on a purely personal act." (25 NY2d, at 230.) The *Atlas* court found particularly abhorrent a provision in the note which authorized "any Attorney of any Court" to appear on behalf of the obligor and to confess judgment in any court of record within the United States of America, or elsewhere. (25 NY2d, at 231.)

It is clear that the Pennsylvania procedure provides for the opportunity to vacate a cognovit judgment and that, to date, defendants have failed to do so. In *D. H. Overmyer Co. v Frick Co.* (405 US 174 [1972]) and *Swarb v Lennox* (405 US 191 [1972], *reh denied* 405 US 1049 [1972]), the United States Supreme Court had occasion to consider the constitutionality of cognovit judgments obtained in Ohio and Pennsylvania. In *D. H. Overmyer* and *Swarb (supra),* companion cases, the court rejected the contention that, on their face, the Ohio and Pennsylvania cognovit statutes were unconstitutional as violative of a debtor's Fourteenth Amendment due process rights. In *D. H. Overmyer,* the Supreme Court held that the facts before it indicated that Overmyer, a sophisticated corporation represented by counsel, had, for consideration, voluntarily and knowingly waived its rights to prejudgment notice and hearing (405 US, at 187). The holding in *D. H. Overmyer* was extended to individual consumers in *Swarb.* There the court affirmed a District Court finding, after hearing, that appellants, who were acting on behalf of a class of consumer debtors, had not sustained their burden of establishing lack of valid consents in the execution of bonds and warrants, as to the entire class.

Under Pennsylvania law, as amended in 1973, a debtor can petition the court to strike or to open a cognovit judgment, raising all defenses. (Pa Rules Civ Pro rule 2959 [e].) Here, on September 21, 1988, the day the cognovit judgment on the

bond and warrant was entered, the prothonotary of the court notified defendants of the judgment. Plaintiffs submitted proof that on November 16, 1988, defendants received plaintiffs' request for discovery in aid of execution of the judgment. Receiving no response, plaintiffs successfully moved to the Pennsylvania Court of Common Pleas for an order compelling disclosure and sanctioning defendants. On May 10, 1989, defendants belatedly filed a petition in the Pennsylvania court to open or strike the judgment. Oral arguments were held on the motion following which defendants' petition was denied. Defendants thereafter filed a notice of appeal of that order with the Pennsylvania Superior Court.

Under the circumstances herein, where the parties were engaged in an arm's length business transaction, were represented by counsel, and the defendant was on actual notice of the entry of the judgment and, in fact, sought to challenge same prior to execution, it cannot be said that the cognovit judgment amounted to a deprivation of property rights without due process.

Order of the Supreme Court, New York County (Beatrice Shainswit, J.), entered September 8, 1989, *inter alia,* granting plaintiffs' motion for summary judgment in lieu of complaint (CPLR 3213) and denying the cross motion of defendant Joseph M. Aronow for dismissal of the action (CPLR 3211 [a] [7]), affirmed, with costs.

KUPFERMAN, J. P., ASCH and RUBIN, JJ., concur.

Order, Supreme Court, New York County, entered September 8, 1989, unanimously affirmed, with costs.