■ RHODA DREIFUSS, Respondent, v STANLEY M. COHEN, Appellant.—In an action to recover damages for dental malpractice, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Graci, J.), dated March 6, 1990, as, upon reargument, adhered to the original determination made in an order of the same court, dated January 2, 1990, which, upon reargument, recalled and vacated a prior order of the same court dated February 16, 1989, granting the defendant's motion to dismiss the complaint, and granted the plaintiff's cross motion for leave to file a statement pursuant to CPLR 3406.

Ordered that the order dated March 6, 1990, is affirmed insofar as appealed from, with costs.

Granting reargument because the basis for an original determination has since been overruled by an appellate court is proper even if the period within which to appeal the original determination has expired *(see, Foley v Roche,* 86 AD2d 887). By order dated October 27, 1989, this court denied the plaintiff's motion for an enlargement of time to perfect her appeal from an order of the Supreme Court, Queens County (Graci, J.), dated February 16, 1989, which granted the defendant's motion to dismiss the complaint for failure to file a Notice of Dental Malpractice pursuant to CPLR 3406, and granted the respondent's cross motion to dismiss the appeal. At that time, the order dated February 16, 1989, had been superseded by an order of the same court, dated June 8, 1989, which granted the plaintiff's motion for reargument, and, upon reargument, adhered to the original determination *(see, Council Commerce Corp. v Paschalides,* 92 AD2d 579). Thus, the dismissal of the appeal from the order dated February 16, 1989, cannot be deemed an adjudication on the merits of all claims which could have been litigated on the appeal *(cf., Bray v Cox,* 38 NY2d 350). Here, there was no attempt to circum-

vent the well-settled rule that a "motion to reargue cannot be used to extend the time to appeal and such a motion must therefore, be made before the time to appeal has expired" *(Liberty Natl. Bank & Trust Co. v Bero Constr. Corp.,* 29 AD2d 627).

The Supreme Court properly recalled and vacated the dismissal of the complaint to reflect the determination of the Court of Appeals in *Tewari v Tsoutsouras* (75 NY2d 1). Kunzeman, J. P., Sullivan, Balletta and Copertino, JJ., concur.